IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

FELICIA FLENOY                                                    PLAINTIFF
on behalf of A.N.H, a minor child

v.                                   No. 2:13–CV–120–JM-BD

CAROLYN W. COLVIN, Acting Commissioner,          DEFENDANT
Social Security Administration

RECOMMENDED DISPOSITION

Instructions

The following recommended disposition was prepared for U.S. District Judge

James M. Moody, Jr.  A party to this dispute may file written objections to this

recommendation.  An objection must be specific and state the factual and/or legal basis

for the objection.  An objection to a factual finding must identify the finding and the

evidence supporting the objection.  Objections must be filed with the clerk of the court

no later than 14 days from the date of this recommendation.[1]  The objecting party must

serve the opposing party with a copy of an objection.  Failing to object within 14 days

waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Moody

may adopt the recommended disposition without independently reviewing all of the

---

[1]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2]*Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections
waives right to de novo review and to appeal magistrate judge's findings of fact).

record evidence.

## <u>Recommendation</u>

Felicia R. Flenoy seeks judicial review of the denial of her application for supplemental security income for her infant son, A.N.H.[3]  Ms. Flenoy claims A.N.H. has been disabled since birth, based on sickle cell anemia.[4]  She maintains A.N.H.'s condition has worsened.[5]

**The Commissioner's decision**.  After considering the application, the Commissioner's ALJ determined A.N.H. had severe impairments — sickle cell anemia and speech/language delay[6] — but he lacked an "extreme" limitation in one of six specified functional domains, or a "marked" limitation in at least two domains.[7]  Thus, the ALJ concluded that A.N.H. was not disabled and denied the application.[8]

---

[3]SSA record at p. 106.

[4]*Id*. at p. 116.

[5]*Id*. at p. 136.

[6]*Id*. at p. 14.

[7]*Id*. at pp. 16-21.

[8]*Id*. at p. 21.

After the Commissioner's Appeals Council denied a request for review,[9] the

ALJ's decision became a final decision for judicial review.[10]  Ms. Flenoy filed this case to

challenge the decision.[11]  In reviewing the decision, the court must determine whether

substantial evidence supports the decision and whether the ALJ made a legal error.[12]

This recommendation explains why substantial evidence supports the decision and why

the ALJ made no legal error.

**Ms. Flenoy's allegations**.  Ms. Flenoy relies on a medical opinion by A.N.H.'s

pediatrician.  The pediatrician stated that A.N.H. had a marked limitation in three

domains and an extreme limitation one domain.[13]  Ms. Flenoy maintains that the ALJ

should have given the opinion controlling weight.  She asserts that A.N.H. has marked

limitations in the domains of acquiring and using information, interacting and relating

---

[9]*Id*. at p. 1.

[10]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social
Security Act precludes general federal subject matter jurisdiction until administrative
remedies have been exhausted" and explaining that the Commissioner's appeal
procedure permits claimants to appeal only final decisions).

[11]Docket entry # 1.

[12]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the
Commissioner's findings are supported by substantial evidence and whether the
Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187
(8th Cir. 1997) (explaining that the court will uphold the decision if it lacks legal error
and is supported by substantial evidence).

[13]SSA record at pp. 218-19.

with others, and moving about and manipulating objects.  Because this position rests

substantially on Ms. Flenoy's subjective allegations, she also challenges the ALJ's

evaluation of her credibility.  For these reasons, she maintains that substantial evidence

does not support the ALJ's decision.

**The pediatrician's opinion**.  The ALJ properly discounted the pediatrician's

opinion because treatment notes do not support the opinion.[14]  The pediatrician stated

that his exams and tests confirm the sickle cell findings.[15]  That statement is true.

Laboratory tests confirmed the presence of sickle cell anemia when A.N.H. was 12

months old.[16]

Sickle cell anemia is a serious disease, but it does not equate to disability.  "With

early detection and comprehensive medical care, most people with sickle cell disease

are in fairly good health most of the time."[17]  The pediatrician diagnosed sickle cell

anemia when A.N.H. was two months old[18] and began a prophylactic course of

---

[14]*Perkins v. Astrue*, 648 F.3d 892, 897-98 (8th Cir. 2011) ("ALJ may discount or
even disregard the opinion of a treating physician…where a treating physician renders
inconsistent opinions that undermine the credibility of such opinions").

[15]SSA record at p. 219.

[16]*Id*. at p. 236.

[17]Monique Laberge, 5 The Gale Encyclopedia of Med. 3976 (4th ed.).

[18]SSA record at p. 157.

4

penicillin "to ward off potentially fatal infections."[19]  Thus far, the treatment has worked.

A.N.H. experienced common childhood ailments — colds, ear infections, eye infections, insect bites, teething, and fever — but only one instance directly attributed to sickle cell anemia.  The pediatrician's treatment notes document an episode of sickle cell crisis at age 19 months.[20]  Other than that instance, the pediatrician's exam findings have been negative.

In the opinion, the pediatrician stated that the "attached reports substantiate the developmental and functional impairment,"[21] but nothing is attached to the opinion.  The reference probably refers to lab work confirming the presence of sickle cell anemia and the pediatrician's treatment notes, but that evidence shows no developmental or functional impairment.  The ALJ did not err in giving the opinion less than controlling weight.

**Ms. Flenoy's credibility**.  In her agency pleadings, Ms. Flenoy reported more frequent visits to the emergency room.[22]  She stated that A.N.H. is unable to sit or crawl

---

[19]Monique Laberge, 5 The Gale Encyclopedia of Med. 3974 (4th ed.).

[20]SSA record at p. 341.

[21]*Id*. at p. 219.

[22]*Id*. at pp. 136 & 142.

for weeks after an emergency room visit.[23]  She testified that when A.N.H. is ill, he

walks with a limp and cannot lift his arms.[24]

Treatment records do not substantiate Ms. Flenoy's reports.  In many cases,

treatment notes contradict her statements.[25]  The inconsistencies between Ms. Flenoy's

reports and the medical records provide a sufficient basis for discounting Ms. Flenoy's

credibility.[26]  The ALJ did not err in evaluating credibility.

---

[23]*Id*. at p. 136.

[24]*Id*. at pp. 45-46.

[25]*See, e.g.*, *id*. at p. 270 (May 25, 2011: Ms. Flenoy reported that her child cried for days and was inconsolable, but child was easily consoled in emergency room); p. 247-48 (Sept. 11, 2011: Ms. Flenoy reported four days of arm pain to emergency room staff, but child had full range of motion without pain, was playful, passed objects from hand to hand, reached for objects, and sat without assistance) & pp. 312 & 315-16 (May 19, 2012: Ms. Flenoy told emergency room staff that child had whimpered and rubbed his legs for days, but child had strong movement in his arms and legs, and walked normally). *See also id*. at p. 206 ( six-monthth well-baby checkup: child rolls over, imitates sounds, turns to voice, passes objects, rakes objects, strong muscle tone in legs and arms, normal sensation, normal reflexes, age and appropriate development); p. 299 (10-monthth well-baby checkup: full range of motion, strong muscle tone, normal sensation, normal reflexes, and multiple insect bites); p. 297 (12-monthth well-baby checkup: all findings negative, mom failed to get lab work to clarify diagnosis of sickle cell anemia) & p. 289 (15-monthth well-baby checkup: mom wants SSI paperwork completed; child not acutely ill today; negative exam findings).  *But see id*. at p. 341 (checkup with pediatrician at age 19 months: child in moderate painful distress, right leg swollen and tender below knee, but no redness or signs of inflammation).

[26]*Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) ("The ALJ may discount complaints of pain if they are inconsistent with the evidence as a whole."); *Partee v. Astrue*, 638 F.3d 860, 865 (8th Cir. 2011) ("The ALJ may discredit a claimant based on inconsistencies in the evidence.").

**A.N.H.'s limitations**.  In the absence of harmful error, the dispositive question is whether substantial evidence supports the decision that A.N.H. is not disabled.  A child is disabled if he has "a medically determinable physical or mental impairment, which results in marked and severe functional limitations . . . which has lasted or can be expected to last for a continuous . . . 12 months."[27]  If a child has a "marked" limitation in at least two of six functional domains, or an "extreme" limitation in one domain, the ALJ will determine the child is disabled.[28]  In this case, the record contains little evidence of limitation.

**Health and physical well-being**.  "Children with sickle cell disease who are under age three are particularly prone to life-threatening bacterial infections. . . . Rapid enlargement of the spleen may be a sign of another complication . . . which . . . can be life-threatening."[29]  As of the date of the hearing, A.N.H. had experienced no complications.

The ALJ found that A.N.H. had a marked limitation in this domain,[30] but the record does not document the required level of frequency for a marked limitation.  "For purposes of this domain, []frequent means that you have episodes of illness or

---

[27]42 U.S.C. § 1382c(a)(3)(C)(i).

[28]20 C.F.R. § 416.926a(a).

[29]Monique Laberge, 5 The Gale Encyclopedia of Med. 3971 (4th ed.).

[30]SSA record at pp. 20-21.

7

exacerbations that occur on an average of 3 times a year, or once every 4 months, each lasting 2 weeks or more."[31]  The record documents one episode of illness in 18 months.

The pediatrician warned that A.N.H may experience sickle cell crises more frequently as fetal hemoglobin decreases,[32] but that had not occurred as the date of the ALJ's decision.  A reasonable mind would accept the evidence as adequate to show A.N.H. had a less than marked limitation in health and physical well-being, because as of the hearing date, A.N.H. had been fairly healthy.

**Interacting and relating with others**.  A.N.H. had a mild delay in receptive language and a moderate delay in expressive language development.[33]  These delays implicate the domain of interacting and relating with others because the domain considers how well a child initiates and sustains emotional connections with others, develops and uses the language of his community, cooperates with others, complies with rules, and responds to criticism.[34]  The ALJ found that A.N.H. had a less than marked limitation in this domain.[35]  The question is whether a reasonable mind would accept the evidence as adequate to support this finding.

---

[31]20 C.F.R. § 416.926a(e)(iv).

[32]SSA record at p. 342.

[33]*Id*. at p. 224.

[34]20 C.F.R. § 416.926a(i).

[35]SSA record at pp. 18-19.

A marked limitation exists if the child's impairment seriously interferes with his ability to independently initiate, sustain, or complete activities.[36]  For newborns and young infants, the ALJ considers whether the child responds visually and vocally to his caregiver, through mutual gaze and vocal exchanges, and by physically molding his body to the caregiver while being held.[37]  For older infants and toddlers, the ALJ considers whether the child can separate from his caregiver, express emotions and respond to the feelings of others, and spontaneously communicate his wishes or needs.[38]

Ms. Flenoy asserts that A.N.H. had a marked limitation in this domain, but at age six months, A.N.H. uttered single syllables, imitated sounds, and turned his head to voices.[39]  At age 11 months, he laughed and smiled.[40]  At age 13 months, he looked and smiled at a speaker, responded to his name and "no-no," and vocalized two vowel sounds.[41]

---

[36]20 C.F.R. § 416.926a(e)(2).

[37]20 C.F.R. § 416.926a(i)(2)(i).

[38]20 C.F.R. § 416.926a(i)(2)(ii).

[39]SSA record at p. 206.

[40]*Id*. at p. 255.

[41]*Id*. at p. 224.

A.N.H. separated from his caregiver five days a week to attend a pediatric day center.  He received 60 minutes of speech/language therapy each week.[42]  A child with a marked limitation needs more frequent therapy.  A reasonable mind would accept the evidence as adequate to show A.N.H. had a less than marked limitation in interacting and relating with others, because no evidence shows a serious interference with his ability to independently initiate, sustain, or complete activities.

**Acquiring and using information**.  This domain considers how well a child acquires or learns information, and how well the child uses information he has learned.[43]  For a newborn or young infant, the ALJ considers whether the child shows interest in, and explores, his environment.[44]  At first, a child's actions will be random, but eventually a child should recognize and respond to familiar words, including family names and favorite toys and activities.[45]  For an older infant or a toddler, the ALJ considers whether the child is learning about the world around him.[46]  The child should refer to himself and things around him by pointing and eventually by naming.[47]  The

---

[42]*Id*. at p. 216.

[43]20 C.F.R. § 416.926a(g).

[44]20 C.F.R. § 416.926a(g)(2)(i).

[45]*Id*.

[46]20 C.F.R. § 416.926a(g)(2)(ii).

[47]*Id*.

ALJ found that A.N.H. had a less than marked limitation in this domain.[48]  The court

must determine whether a reasonable mind would accept the evidence as adequate to

support that finding.[49]

Ms. Flenoy claims A.N.H. had a marked limitation in this domain, but A.N.H.'s

cognitive development falls within the average range.[50]  His mental functioning was

normal for his age.[51]  A.N.H. could close a round container, stack two blocks, place

shapes on form boards, make eye contact with others, and occasionally say words like

"stop."[52]  A reasonable mind would accept the evidence as adequate to show that

A.N.H. had a less than marked limitation in acquiring and using information, because

no evidence shows a serious interference with his ability to independently initiate,

sustain, or complete activities.

**Moving about and manipulating objects**.  This domain considers how the child

moves his body from one place to another (the child's gross motor skill) and how the

child moves and manipulates things (the child's fine motor skill).[53]  For a newborn or

---

[48]SSA record at pp. 16-17.

[49]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

[50]SSA record at pp. 216 & 221.

[51]*Id*. at p. 231.

[52]*Id*.

[53]20 C.F.R. § 416.926a(j).

young infant, the ALJ considers whether the child can hold up his head, sit, crawl, sometimes hold onto a stable object, and stand actively for brief periods.[54]  For older infants and toddlers, the ALJ considers whether the child uses his body to actively explore a wide area of his physical environment with steadily increasing control and independence from others.[55]  The ALJ found that A.N.H. had a less than marked limitation in this domain.[56]  The question is whether a reasonable mind would accept the evidence as adequate to support that finding.[57]

A.N.H.'s fine and gross motor skills fell within the normal range, but he had a delay in "[l]ocomotor skills (getting himself from one place to another)."[58]  For this, he received 30 minutes of physical therapy each week.[59]  A child with a marked limitation needs more physical therapy.  Subsequent medical evidence shows A.N.H. walked normally.[60]  Even in a sickle cell crisis, he had normal sensation, strength, tone, and

---

[54]20 C.F.R. § 416.926a(j)(2)(i).

[55]20 C.F.R. § 416.926a(j)(2)(ii).

[56]SSA record at p. 19.

[57]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

[58]SSA record at p. 216.

[59]*Id.*

[60]*Id.* at p. 287 (normal gait) & p. 312 (normal gait).

reflexes.[61]  A reasonable mind would accept the evidence as adequate to show that A.N.H. had a less than marked limitation in moving about and manipulating objects, because no evidence shows a serious interference with his ability to independently initiate, sustain, or complete activities.

**Conclusion**.  Substantial evidence supports the decision that A.N.H. was not disabled, because the evidence shows neither an extreme limitation in one domain nor a marked limitation in two domains.  The ALJ made no legal error.  For these reasons, the undersigned magistrate judge recommends DENYING the request for relief and AFFIRMING the decision denying the application.

It is so ordered, this 27th day of May, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

---

[61]*Id*. record at p. 341.